GIBSON, DUNN & CRUTCHER LLP
THEODORE J. BOUTROUS, JR., SBN 132099
  TBoutrous@gibsondunn.com
CHRISTOPHER D. DUSSEAULT, SBN 177557
  CDusseault@gibsondunn.com
MUDIT D. BUCH, SBN 351605
  MBuch@gibsondunn.com
333 South Grand Avenue
Los Angeles, California 90071
Telephone:  213.229.7000
Facsimile:   213.229.7520

Attorneys for Defendant
AMERICAN AIRLINES, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS RENTERIA; HERBERT TALLEDO; and STEPHANIE CHIN, as individuals and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN AIRLINES, INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 2:24-cv-2925<br><br>**NOTICE OF REMOVAL BY DEFENDANT AMERICAN AIRLINES, INC.**<br><br>(Removal from the Superior Court of the State of California, Los Angeles County, Case No. 24STCV05691)<br><br>Action Filed:    March 6, 2024<br>Compl. Served: April 3, 2024 |

**TABLE OF CONTENTS**

**Page**

I. TIMELINESS AND BASIS FOR REMOVAL ................................................... 5
II. THIS COURT HAS FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C. § 1331 ................................................................................................. 6
III. THIS COURT HAS JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT ............................................................................................... 7
IV. VENUE IS PROPER IN THIS COURT ........................................................... 12
V. STATE COURT RECORD ............................................................................... 12
VI. CONCLUSION ................................................................................................. 12

# TABLE OF AUTHORITIES

Page(s)

### Cases

*Campbell v. Vitran Exp., Inc.*,
 471 F. App'x 646 (9th Cir. 2012) ................................................................................ 9

*Dart Cherokee Basin Operating Co. v. Owens*,
 574 U.S. 81 (2014) ................................................................................................ 9, 10

*Emrich v. Touche Ross & Co.*,
 846 F.2d 1190 (9th Cir. 1988) ................................................................................... 6

*Fritsch v. Swift Transportation Co. of Arizona, LLC*,
 899 F.3d 785 (9th Cir. 2018) .................................................................................... 11

*Hertz Corp. v. Friend*,
 559 U.S. 77 (2010) ..................................................................................................... 8

*Kantor v. Wellesley Galleries, Ltd.*,
 704 F.2d 1088 (9th Cir. 1983) ................................................................................... 8

*Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*,
 199 F. Supp. 2d 993 (C.D. Cal. 2002) ....................................................................... 9

*Korn v. Polo Ralph Lauren Corp.*,
 536 F. Supp. 2d 1199 (E.D. Cal. 2008) ..................................................................... 9

*LaCross v. Knight Transp. Inc.*,
 775 F.3d 1200 (9th Cir. 2015) ................................................................................... 9

*Lewis v. Verizon Commc'ns, Inc.*,
 627 F.3d 395 (9th Cir. 2010) ..................................................................................... 9

*Loewen v. McDonnell*,
 2019 WL 2364413 (N.D. Cal. June 5, 2019) ............................................................. 6

*Rippee v. Boston Mkt. Corp.*,
 408 F. Supp. 2d 982 (S.D. Cal. 2005) ....................................................................... 9

*Salter v. Quality Carriers, Inc.*,
 974 F.3d 959 (9th Cir. 2020) ................................................................................... 10

*Sanchez v. Monumental Life Ins. Co.*,
 102 F.3d 398 (9th Cir. 1996) ................................................................................... 10

**Statutes**

15 U.S.C. § 13 ................................................................................................................. 7

28 U.S.C. § 1331 ............................................................................................................. 6

28 U.S.C. § 1332(c)(1) .................................................................................................... 8

28 U.S.C. § 1332(d) ........................................................................................................ 7

28 U.S.C. § 1332(d)(2) .................................................................................................... 9

28 U.S.C. § 1332(d)(2)(A) .............................................................................................. 8

28 U.S.C. § 1367(a) ........................................................................................................ 7

28 U.S.C. § 1441(a) ........................................................................................................ 6

28 U.S.C. § 1441(b) ........................................................................................................ 8

28 U.S.C. § 1445(c)(2) .................................................................................................... 9

28 U.S.C. § 1446(b) ........................................................................................................ 6

Cal. Civ. Proc. Code § 337 ........................................................................................... 11

**Rules**

Fed. R. Civ. P. 6(a)(1)(C) ............................................................................................... 6

**TO THE CLERK OF THE COURT, PLAINTIFFS, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant American Airlines, Inc. ("American") hereby removes the above-captioned state court action, originally filed as Case No. 24STCV05691 in the Superior Court of the State of California for the County of Los Angeles, to the United States District Court for the Central District of California.

Removal to this Court is proper because (1) this Court has federal question jurisdiction over this action under 28 U.S.C. § 1331, (2) this Court has diversity jurisdiction under 28 U.S.C. § 1332(d), and (3) this Court embraces the venue where the state court litigation was filed. American appears specifically for the purpose of removal and preserves all defenses available to it under Federal Rule of Civil Procedure 12.

The grounds for removal are set forth below.

## I.   TIMELINESS AND BASIS FOR REMOVAL

1. Plaintiffs Chris Renteria, Herbert Talledo, and Stephanie Chin ("Plaintiffs") commenced this putative Class Action Complaint on March 6, 2024, in the Superior Court of California for the County of Los Angeles, which is within the district and division to which this case is removed. Plaintiffs' Complaint asserts claims for (1) breach of contract, (2) breach of implied covenant of good faith and fair dealing, (3) unjust enrichment, (4) negligent misrepresentation, (5) violation of 15 U.S.C. § 1 ("Sherman Act"), and (6) violation of 15 U.S.C. § 13 ("Robinson Patman Act"). *See generally*, Declaration of Christopher D. Dusseault ("Dusseault Decl.") ¶ 2; Ex. A ("Compl."). Plaintiffs seek to represent a putative class of "themselves and on behalf of all persons similarly situated, against Defendants for Defendants' failure to adequately reimburse Plaintiffs with a refund, compensation, or similarly valued alternative arrangement upon downgrading them from their purchased class of service" or "cancelling Plaintiffs' confirmed flight." Compl. ¶ 1. In addition, "Plaintiffs bring this action on behalf of themselves, and all persons similarly situated, against American for

American's failure to provide a breakdown explaining how the refund, compensation, or similarly valued alternative arrangement was calculated, upon providing an inadequate reimbursement." *Id.*

2. American was served with the Summons and Complaint on April 3, 2024. Dusseault Decl. ¶ 3; Ex. B. This notice of removal is timely because it is filed on April 10, 2024—before the 30-day period for removal under statute has elapsed. 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a)(1)(C).

3. In most instances, a case may be timely removed if it could have been brought originally in federal court *and* all defendants consent to removal. *See* 28 U.S.C. § 1441(a). This "rule of unanimity" ordinarily requires all defendants to consent to removal, but it does not apply when, as here, every other defendant is fictitious. *See infra* ¶¶ 9–14; *see also Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988); *Loewen v. McDonnell*, 2019 WL 2364413, at *3 n.2 (N.D. Cal. June 5, 2019).

## II. THIS COURT HAS FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C. § 1331

4. Any civil action over which United States district courts have original jurisdiction is removable under 28 U.S.C. § 1441(a). Removal is proper under the federal courts' original jurisdiction for federal questions in civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

5. Here, Plaintiffs allege that American restricted interstate commerce by "offering reduced airline prices before departure," "subsequently overbooking flights," "downgrading or cancelling" confirmed reservations, "failing to provide a reimbursement, or providing reimbursements inequitable to the value of fare difference, and failing to provide a calculation breakdown of the reimbursements." Compl. ¶¶ 56–62. Plaintiffs claim that these actions violate Section 1 of the Sherman Act, a federal statute, which prohibits restrictions on interstate commerce and competition. *Id.*

6. In addition, Plaintiffs allege that American engaged in price discrimination against them. Compl. ¶¶ 63–68. Specifically, Plaintiffs claim that American provided

them with "flight tickets at prices lower than those offered by other airlines" but later overbooked their flights—which led to "downgrade[s] or cancellation[s]" for Plaintiffs' flights. *Id.* at ¶ 66. Despite this inconvenience, American allegedly refused to reimburse equitable amounts and did not provide "a calculation breakdown of the reimbursement." *Id.* Plaintiffs contend that these alleged activities are in violation of the Robinson Patman Act. *Id.* at ¶¶ 63–68. The Robinson Patman Act, a federal statute, prohibits price discrimination between "different purchasers of commodities of like grade and quality where such commodities are sold" that would "substantially lessen[] competition or tend[] to create a monopoly in any line of commerce." 15 U.S.C. § 13.

7. Due to the two federal statutory claims alleged by Plaintiffs, American can remove the action to this Court pursuant to 28 U.S.C. § 1441(a). The other four state law claims arise out of the same set of facts as the federal claims. Indeed, Plaintiffs use the same factual allegations—regarding breach of contract, price discrimination, and inequitable reimbursement—indiscriminately throughout both their state and federal claims. Compl. ¶¶ 23–68. Since the state law claims "form part of the same case or controversy" over the related federal claims, this Court has supplemental jurisdiction over them. *See* 28 U.S.C. § 1367(a).

### III. THIS COURT HAS JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

8. Removal is also proper under the Class Action Fairness Act ("CAFA") when (1) the number of proposed class members exceeds 100, (2) there is minimal diversity of citizenship between the parties, and (3) the aggregated amount in controversy is greater than $5,000,000. 28 U.S.C. § 1332(d). These requirements are met here.

9. **There are over 100 members in the proposed class.** Plaintiffs allege that the size of the class "so numerous that the joinder of all Class Members is impractical." Compl. ¶ 15. They also specifically allege that the class consists of "thousands of

individuals." *Id.* Therefore, the jurisdictional prerequisite under 28 U.S.C. § 1332(d)(5)(B) is met.

10. **There is at least minimal diversity between the parties.** This Court can exercise original jurisdiction over this action under CAFA when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

11. An individual is a citizen of the single state in which they are domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Each of the named Plaintiffs alleges that he or she resides in California. Compl. ¶¶ 6–8. As a result, they are citizens of the State of California.

12. "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The "principal place of business" for the purpose of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities . . . . [I]n practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center.'" *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). American is a Delaware corporation with its principal place of business at 1 Skyview Drive, Ft. Worth, TX 76155. Dusseault Decl. ¶ 13; Ex. J at 64. This means that American is a citizen of Delaware and Texas.

13. Plaintiffs have not yet identified any of the fictitious "DOE" defendants in their complaint. Thus, the citizenship of the "DOES" is disregarded for the purposes of removal. 28 U.S.C. § 1441(b) ("[T]he citizenship of defendants sued under fictitious names shall be disregarded."). Moreover, the citizenship of any other defendant is irrelevant to the existence of minimal diversity, which requires only that any member of the class is a citizen of a different state from any one defendant.

14. Because each of the Plaintiffs alleges citizenship in California and American is a citizen of Delaware and Texas, this action easily meets the threshold of minimal diversity under 28 U.S.C. § 1332(d)(2)(A).

15. **The aggregated amount in controversy exceeds $5,000,000.** CAFA permits original jurisdiction when "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). In assessing whether the amount-in-controversy requirement has been satisfied, "a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)); *see also* 28 U.S.C. § 1445(c)(2). In other words, the Court's inquiry focuses on "what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (citing *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)).

16. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdiction threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). To satisfy this low burden, a defendant may rely on a "chain of reasoning" that is based on "reasonable" assumptions and evidence established by an internal investigation. *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201–02 (9th Cir. 2015).

17. Although American disputes any liability as to Plaintiffs' claims and disputes that the class suffered any injury or incurred damages, the amount in controversy raised by the complaint exceeds $5,000,000 in the aggregate, exclusive of interest and costs. *See Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability.").

18. Plaintiffs have not stated a specific damage amount in their complaint, nor have they alleged a specific number of customers allegedly impacted by the challenged practices. Compl. ¶ 22. They do, however, allege that the class consists of "thousands" of members and that each has "substantial" amounts at stake. *Id.* at ¶ 15. When, as here, a complaint fails to specify the damages amount, a defendant need only show that "it is more likely than not that the amount in controversy satisfies the federal diversity jurisdictional amount requirement." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)). For this action, Plaintiffs are seeking relief in the form of general damages, special damages, punitive damages, costs, and more. Compl. ¶¶ 16–68. American reserves the right to present evidence supporting the amount in controversy, should Plaintiffs challenge whether the jurisdictional threshold is satisfied. *See Dart Cherokee*, 574 U.S. at 87–89; *see also Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020) (holding that only a "factual attack" where the removing defendant "contests the truth of the plaintiff's factual allegations" requires the defendant to "support her jurisdictional allegations with competent proof") (cleaned up).

19. Plaintiffs are alleging that American systematically and repeatedly failed to "adequately reimburse" the air fare and purchased services of "thousands of individuals" in an effort to manipulate the entire "market of air travel." Compl. ¶¶ 6–22. They allege six different causes of action as the grounds for their relief. *Id.* at ¶¶ 23–68.

20. The Complaint only references some ascertainable damages for the three named Plaintiffs. For Plaintiff Renteria, the Complaint alleges that he was under-reimbursed by $520, the difference between the $530 air fare and the $10 value of points he claimed to receive. Compl. ¶ 6. For Plaintiff Talledo, the Complaint claims a discrepancy of $955, the difference between the $1,055 flight cost and $100 cash value received. *Id.* at ¶ 7. For Plaintiff Chin, the Complaint does not provide any measure of discrepancy, only alleging that Plaintiff Chin received a $12 value for the inconvenience of an extra flight connection. *Id.* at ¶ 8.

21. An estimation, based on the named Plaintiffs alone, demonstrates that the amount in controversy in this action exceeds the $5,000,000 threshold based on potential damages alone. American flew approximately 211 million customers in 2023. Dusseault Decl. ¶ 13; Ex. J at 64. Given that the California statute of limitations for breach of written contract claims is four years, the number of customers that American flew during the relevant period is in excess of 500 million. *See* Cal. Civ. Proc. Code § 337. If, under Plaintiffs' theory of the case, there are 10,000 class members who claim damages comparable to those claimed by Plaintiff Renteria (.005 percent of American's customers in 2023), the $5,000,000 threshold would be met based on those claimed damages alone. Similarly, if there are 5,250 class members who claim damages comparable to those claimed by Plaintiff Talledo (.002 percent of American's customers in 2023), the $5,000,000 threshold would be met based on those claimed damages alone.

22. In addition, under 15 U.S.C.A. § 15, Plaintiffs are entitled to treble damages for their two federal antitrust claims. Such a threefold increase in damages would also reasonably exceed the CAFA threshold.

23. Outside of the claims themselves, Plaintiffs could be entitled to attorney fees, which would count towards the aggregation analysis. *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (holding that "attorney's fees awarded under fee-shifting statutes or contracts are included in the amount in controversy"). Both of Plaintiffs' federal antitrust claims allow a successful Plaintiff in a private damages action to recover his or her reasonable attorneys' fees. 15 U.S.C.A. § 15 permits a successful plaintiff in a private damages action to recover "reasonable attorney's fee[s]." The inclusion of attorney fees in the amount in controversy aggregation further demonstrates the applicability of CAFA for this action.

### IV. VENUE IS PROPER IN THIS COURT

24. Under 28 U.S.C. § 1441(a), an action may be removed from state court to "the district court of the United States for the district and division embracing the place where such action is pending."

25. This action was originally filed in the Superior Court of California for the County of Los Angeles. That court is within the district and division embraced by this United States District Court.

### V. STATE COURT RECORD

26. As required under 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and other orders served on American, or otherwise obtained directly from the court in the underlying state court action, are attached hereto. All state court filings are attached as exhibits to the Declaration of Christopher D. Dusseault, filed concurrently with this notice, and constitute the complete record of all records and proceedings in the state court.

27. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiffs' counsel and filed with the Clerk of the Superior Court of California for the County of Los Angeles.

### VI. CONCLUSION

WHEREFORE, Defendant American removes the state court action in the Superior Court of California for the County of Los Angeles, bearing case number 24STCV05691, to the United States District Court for the Central District of California.

| | | |
|---|---|---|
| 1 | DATED: April 10, 2024 | Respectfully submitted, |
| 2 | | GIBSON, DUNN & CRUTCHER LLP |
| 3 | | |
| 4 | | By: */s/ Christopher D. Dusseault*<br>   Christopher D. Dusseault |
| 5 | | |
| 6 | | Attorneys for Defendant<br>American Airlines, Inc. |