# EXHIBIT A

W. Zev Abramson (SBN 289387)
Jack Gindi (SBN 293739)
Nissim Levin (SBN 306376)
**ABRAMSON LABOR GROUP**
1700 W Burbank Blvd.,
Burbank, CA 91506
Tel:   (213) 493-6300
Fax:   (213) 382-4083

Attorneys for Plaintiffs

Electronically FILED by
Superior Court of California,
County of Los Angeles
3/06/2024 3:10 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Nunez, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### IN AND FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| CHRIS RENTERIA; HERBERT TALLEDO; and STEPHANIE CHIN, as individuals and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN AIRLINES, INC., a Delaware corporation; and DOES 1-100,<br><br>Defendants. | Case No.: 24STCV05691<br><br>**CLASS ACTION AND REPRESENTATIVE COMPLAINT FOR:**<br><br>1. Breach of Contract<br>2. Breach of Implied Covenant of Good Faith and Fair Dealing<br>3. Unjust Enrichment<br>4. Negligent Misrepresentation<br>5. Violation of 15 U.S.C. §§ 1 – The Sherman Act<br>6. Violation of 15 U.S.C. § 12 – The Robinson Patman Act<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs CHRIS RENTERIA, HERBERT TALLEDO, and STEPHANIE CHIN (hereinafter referred to as "Plaintiffs") by and through their undersigned attorneys, for their Class Action Complaint against Defendant AMERICAN AIRLINES, INC. (hereinafter referred to as "Defendant") and DOES 1 through 100. Defendant AMERICAN AIRLINES, INC. and DOES 1 through 100, inclusive, will at all times be collectively referred to herein as "Defendants" or "defendants."

## NATURE OF ACTION

1. Plaintiffs bring this putative class action on behalf of themselves and on behalf of all persons similarly situated, against Defendants for Defendants' failure to adequately reimburse Plaintiffs with a refund, compensation, or similarly valued alternative arrangement upon downgrading them from their purchased class of service. Plaintiffs bring this putative class action on behalf of themselves and on behalf of all persons similarly situated, against Defendants for Defendants' failure to adequately reimburse Plaintiffs with a refund, compensation, or similarly valued alternative arrangement upon cancelling Plaintiffs' confirmed flight. Additionally, Plaintiffs bring this action on behalf of themselves, and all persons similarly situated, against Defendant for Defendant's failure to provide a breakdown explaining how the refund, compensation, or similarly valued alternative arrangement was calculated, upon providing an inadequate reimbursement.

## JURISDICTION AND VENUE

2. Venue is proper in this county. Defendant is a Delaware corporation and is registered and doing business in the State of California. Many of the acts, as well as the course of conduct charged herein, occurred in Los Angeles County.

3. At all relevant times hereto, Plaintiffs were residing in the County of Los Angeles, State of California.

4. Defendants are within the jurisdiction of this Court. Defendants transact millions of dollars of business by maintaining a substantial fleet of aircraft from its location in Los Angeles, California. As such, Defendants have obtained the benefits of the laws of the State of California.

5. Plaintiffs are ignorant of the true names and capacities, whether individual, corporate, or associate, of those defendants fictitiously sued as DOES 1 through 100 inclusive and so Plaintiffs sues them by these fictitious names. Plaintiffs are informed and believe that each of the DOE Defendants resides in the State of California and is in some manner responsible for the conduct alleged herein. Upon discovering the true names and capacities of these fictitiously named defendants, Plaintiffs will amend this complaint to show the true names and capacities of these fictitiously named defendants.

## THE PARTIES

6. Plaintiff CHRIS RENTERIA, a resident of California in Los Angeles County, held a confirmed reservation with Defendant for a flight departing from Atlanta, Georgia and destined for Pensacola, Florida in 2022. Upon attempting to board the flight, Defendants denied Plaintiff boarding, stating that the flight was overbooked, and that Defendants gave away his seat as he was among the last individuals to arrive, despite being on time. Notwithstanding the $530 payment for the flight, Plaintiff received only AAdvantage Loyalty Points valued at approximately $10, valid for a year.

7. Plaintiff HERBERT TALLEDO, a resident of California, held a confirmed reservation with Defendant for a flight departing Los Angeles, California and destined for Wisconsin on November 28, 2023. On the day of the flight, Plaintiff encountered a flight cancellation due to technical difficulties. Defendants offered a temporary hotel stay until the

rescheduled flight; however, the altered itinerary redirected him to Chicago instead of his intended destination in Wisconsin. Having initially paid $1,055 for his flight, Plaintiff received only 10,000 points, equivalent to approximately $100 in cash value.

8. Plaintiff STEPHANIE CHIN, a resident of California in Los Angeles County, held a confirmed reservation with Defendant for a flight originally scheduled to have one connection, arriving in Ontario on January 5, 2024. However, a delay resulted in Plaintiff having to endure two connections, ultimately landing in Los Angeles. Despite the inconvenience caused by this deviation, Plaintiff received a meal voucher valued at $12 with no further reimbursement.

9. At all times herein mentioned, Defendant AMERICAN AIRLINES, INC. is a Delaware corporation organized under the laws of the State of Delaware with its principal place of business at 4333 Amon Carter Blvd., FL Worth, TX 76155., and is registered and doing business in the State of California.

10. In all instances, Defendants failed to adequately refund, compensate, or provide alternative arrangements to Plaintiffs.

11. Defendant is a global carrier in the aviation industry, serving numerous destinations and maintaining a substantial fleet of aircraft.

12. Plaintiffs are ignorant of the true names and capacities, whether individual, corporate, or associate, of those defendants fictitiously sued as DOES 1 through 100 inclusive and so Plaintiffs sues them by these fictitious names. Plaintiffs are informed and believe that each of the DOE Defendants resides in the State of California and is in some manner responsible for the conduct alleged herein. Upon discovering the true names and capacities of these

fictitiously named defendants, Plaintiffs will amend this complaint to show the true names and capacities of these fictitiously named defendants.

## CLASS ACTION ALLEGATIONS

13. Plaintiffs bring this case as a putative class action on behalf of themselves and on behalf of all persons similarly situated, (hereafter referred to as the "Cancelled Reservation Class" and "Cancelled Reservation Class Members") defined as:

> **All individuals who held confirmed flight reservations with Defendant, which were subsequently cancelled by Defendant, resulting in the denial of an adequate refund, compensation, or similarly valued alternative arrangement, in comparison to the value of the services paid for by all individuals.**

14. The "Downgraded Class" or "Downgraded Class Members" are defined as follows:

> **All individuals who experienced an involuntary downgraded in their class of service, resulting in the denial of an adequate refund, compensation, or similarly valued alternative arrangement, in comparison to the value of the services paid for by all individuals.**

The term "Classes" hereafter refers to both the Cancelled Reservation Class and Downgraded Class.

15. The Class is ascertainable and there is a well-defined community of interest in the litigation:

   a. The Class Members are so numerous that the joinder of all Class Members is impractical. While the precise membership of the entire class remains unknown to Plaintiffs at this time, it is estimated to consist of thousands of individuals, and the identification of such members is readily ascertainable.

b. Plaintiffs' claims are typical of all other Class Members demonstrated herein. Plaintiffs will fairly and adequately protect the interests of the other Class Members with whom they have a well-defined community of interest.

c. Plaintiffs will fairly and adequately protect the interests of each Class Member, with whom they have a well-defined community of interest and typicality of claims, as demonstrated herein.

d. A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all Class Members is impractical. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of effort and expense that numerous individuals would entail. Furthermore, the amounts at stake for many members of the Class, while substantial, may not be sufficient to enable them to maintain separate suits against Defendants.

e. Certification of this lawsuit as a class action will advance public policy objectives. Airlines violate contractual obligations every day. However, class actions provide the Class Members who are not named in the complaint to collectively seek redress and ensure fair treatment in instances of contractual breaches and anti-competitive business practices.

## FACTUAL ALLEGATIONS

16. Defendants intentionally overbooked flights by deceiving Plaintiffs and Class Members into purchasing flight tickets at a low rate.

17. Defendants cancelled Plaintiffs and Cancelled Reservation Class Members' confirmed reservations or downgraded Plaintiffs and Downgraded Class Members to a lower class of service than purchased without providing an adequate refund, compensation, or similarly valued alternative arrangement. In the event that Defendants did provide a refund, compensation, or similarly valued alternative arrangement, it did not accurately reflect the disparity in value between the initially purchased ticket and the refund, compensation, or similarly valued alternative arrangement. Defendants also failed to provide a breakdown explaining how the reimbursement difference was calculated.

18. Defendants breached their contractual obligations to Plaintiffs and Class Members, including their duty of good faith and fair dealing. Thus, Defendants were unjustly enriched at the expense of Plaintiffs and Class Members.

19. Defendants intentionally misrepresented the availability of airline tickets to Plaintiffs and Class Members, assuring them that they would be reimbursed the fare difference in the event of an involuntary change.

20. Defendants have engaged in, among other things, anti-competitive practices, such as Violations of the Sherman Act and the amended Robinson Patman Act of the Clayton Act. Defendants intentionally offered air transportation at low rates, overbooked flights, and failed to reimburse Plaintiffs and Class Members of the actual fare difference in the event of a downgrade or cancellation. Thus, Defendants unjustly manipulated the market of air travel.

21. Defendants acted with willful conduct through their deceptive practices outlined in paragraphs 16-20, demonstrating a deliberate disregard for the rights and interests of Plaintiffs and Class Members.

22. As a direct and proximate result of the unlawful acts of Defendants, Plaintiffs and Class Members have suffered damages in amounts as yet unascertained but subject to proof at trial.

First Cause of Action
**BREACH OF CONTRACT**
As Against All Defendants

23. Plaintiffs re-allege paragraphs 1-22 of this Complaint as though fully set forth.

24. Defendants entered into a written agreement for services per American Airline's Conditions of Carriage ("Services Agreement"). Plaintiffs and Class Members performed all or substantially all of the duties and tasks required of Plaintiffs and Class Members under the Services Agreement.

25. The ADA does not prevent the court from addressing routine breach-of-contract claims. The preemption clause allows for legal actions that do not allege a breach of state-imposed obligations but instead aim to recover damages solely for the airline's failure to uphold its own self-imposed commitments. *Am. Airlines, Inc. v. Wolens* 513 U.S. 219, 220 (1995).

26. The "Involuntary denied boarding" section of the Services Agreement states that a passenger will not receive involuntary denied boarding compensation if they are "offered a seat in a section of the plane that's different from [their] original ticket." However, the contractual obligation continues to state, "If you are seated in a section for which a **lower fare is charged, you will be given an appropriate refund.**"

27. The "Involuntary refunds" section of the Services Agreement states "If you are due a refund because we failed to operate on schedule or we refused to let you fly for reasons other than your violation of this contract, we will refund you: "**the full amount of the ticket and any extras if travel hasn't started**" or "**the value of the unused travel if the ticket is partially used.**"

28. Defendants failed to meet their contractual obligation(s) pursuant to the Services Agreement to reimburse Plaintiffs and Downgraded Class Members' the "**appropriate refund**" in the event of a downgrade. Defendants also failed to meet their contractual obligations pursuant to the Services Agreement to reimburse Plaintiffs and Cancelled Reservation Class Members' "**the full amount of the ticket and extras if travel hasn't started**" or "**the value of the unused travel if the ticket is partially used**" in the event of a cancellation.

29. By engaging in the conduct alleged herein and by failing to follow the terms of the Services Agreement, Defendants breached contractual obligations. Most notably, but not exhaustively, Defendants breached the "Involuntary denied boarding" and "Involuntary refunds" sections of the contractual obligations by failing to provide an appropriate refund, compensation, or similarly valued alternative arrangement to Plaintiffs and Class Members the actual difference in fare.

30. In the case Defendants did reimburse Plaintiffs and Downgraded Class Members for a downgrade, Defendants did not provide an appropriate reimbursement of the amount equal to the fare paid for the class of service. In the case Defendants did reimburse Plaintiffs and Cancelled Reservation Class Members for a cancellation, Defendants did not provide an adequate reimbursement of the full amount of the ticket and extras if

travel hasn't started or the value of the unused travel if the ticket is partially used. Defendant also intentionally failed to disclose the formula used to calculate the refunded amount. This lack of transparency impedes the Plaintiffs and Class Members' understanding of the refund process, compounding the breach of contract.

31. As a proximate result of Defendants' willful, knowing, and intentional breach of the Services Agreement, Plaintiffs and Class Members have sustained a substantial loss.

<u>Second Cause of Action</u>
**BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**
As Against All Defendants

32. Plaintiffs re-allege paragraphs 1-31 of this Complaint as though fully set forth.

33. Every contract imposes a duty of good faith and fair dealing as to each party to the contract in the performance and the enforcement of the contract. *City of Midland v. O'Bryant*, 18 S.W.3d 209, 215 (Tex., 2000); Restatement 2d. Contracts § 205 (1979).

34. To prevail on a claim for the breach of the implied duty of good faith and fair dealing, Plaintiffs must show that: (1) the parties have existing obligations under a contract, (2) the Plaintiffs fully or substantially performed its obligations under a contract or was excused from performance, (3) the defendant unreasonably and unfairly interfered with the other party's right to receive contractual benefits, including but not limited to (a) preventing the other party from performing its obligations, (b) engaging in schemes to deprive the other party of its right to benefits or withholding contractual benefits, (c) seeking to obtain benefits prohibited by contract, or (d) having no intent to complete a contract or engaging in a contract that is unreasonable or deceitful, and (4) the Plaintiffs suffered injury due to the defendant's conduct. *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 262 (5th Cir.1995).

35. The duty of good faith and fair dealing arises where a valid contract exists giving rise to a special relationship. *Id.* In this situation there is a special relationship.

36. A special relationship between parties may arise where the parties possess unequal bargaining positions and where one party could easily take advantage of the other. *Affiliated Capital Corp. v. Southwest, Inc.* 862 S.W.2d 30, 34 (Tex. App. – Houston [1st Dist.] 1993, writ denied). In this putative class action, Plaintiffs and Class Members had unequal bargaining positions as Defendants dictated the terms of the contract between them; it was an adhesion contract with no negotiation available. To book the flight, Plaintiffs and Class Members had to either agree to the terms or forfeit their ability to travel. This is an unequal bargaining position.

37. A special relationship also arises when a fiduciary relationship requires trust and confidence between the parties. *Jhaver v. Zapata Off-Shore Co.*, 903 F.2d 381, 385 (5th Cir. 1990). In this putative class action, Plaintiffs and Class Members had trust and confidence in Defendants that Defendants would honor their commitments in the contract as it was an adhesion contract. Plaintiffs and Class Members were compelled to rely on the assurance that Defendants would not overbook flights and downgrade or cancel confirmed reservations without providing an adequate reimbursement through a refund, compensation, or similarly valued alternative arrangement. In the event that Defendants did provide reimbursement, Plaintiffs and Class Members were compelled to expect a reimbursement equal to the fare paid for the class of service or unused services, along with a breakdown on how the reimbursement was calculated. Defendants did not uphold these commitments.

38. In the course of the contractual relationship an implied covenant of good faith and fair dealing existed. Defendants breached this implied covenant by failing to reimburse Plaintiffs and Class Members adequately with a refund, compensation, or similarly valued alternative arrangement upon a downgrade or reservation cancellation.

39. Defendants' breach of the implied covenant was intentional, willful, and in bad faith.

40. Defendants' breach of the implied covenant of good faith and fair dealing constitutes a violation of public policy and fair business practices.

41. As a result of Defendants' breach of implied covenant of good faith and fair dealing, Plaintiffs and Class Members have suffered financial losses and seek resolution for the value of the benefit conferred.

Third Cause of Action
**UNJUST ENRICHMENT**
As Against All Defendants

42. Plaintiffs re-allege paragraphs 1-41 of this Complaint as though fully set forth.

43. Defendants have been unjustly enriched at the expense of Plaintiffs and Class Members.

44. Plaintiffs and Class Members conferred a benefit upon Defendants by receiving an inequitable value of the fare difference.

45. Defendants accepted and retained the benefit under circumstances that make it inequitable for them to do so without compensating Plaintiffs and Class Members.

46. Defendants' unjust enrichment, as described herein, is contrary to equity, good conscience, and established principles of fairness.

47. As a result of Defendants' unjust enrichment, Plaintiffs and Class Members have suffered financial losses and seek resolution for the value of the benefit conferred.

**Fourth Cause of Action**
NEGLIGENT MISREPRESENTATION
As Against All Defendants

48. Plaintiffs re-allege paragraphs 1-47 of this Complaint as though fully set forth.

49. Defendants negligently misrepresented to Plaintiffs and Class Members that they will be entitled to their purchased flight reservation, and if not, they will be entitled to a refund, compensation, or similarly valued alternative arrangement. Defendants conducted this maneuver through a method of overbooking the flight by selling tickets at a low rate.

50. Despite having a confirmed reservation, Plaintiffs and Class Members experienced a downgrade in their class of service or cancellation of their confirmed reservation(s) without receiving an equitable and appropriate reimbursement.

51. Defendants knew or should have known that the implementation of lower prices and allowance of purchases over capacity would result in injury to Plaintiffs and Class Members. Defendants also knew or should have known that failing to refund the equitable difference in the fare's value would result in injury to the Plaintiffs and Class Members.

52. The acts of Defendants were not made in good faith and were misrepresented to Plaintiffs and Class Members. Although Defendants may have believed the representations to be true, Defendants had no reasonable grounds for believing this was the case when such representations were made.

53. The representations were contrary to the best interests of Plaintiffs and Class Members in that Defendants knew or should have known the representations were not true.

54. As a result of Defendant's negligent misrepresentation, Plaintiffs and Class Members further relied on Defendants' statements and suffered financial losses.

### Fifth Cause of Action
**VIOLATION OF 15 U.S.C. § 1 – THE SHERMAN ACT**
As Against All Defendants

55. Plaintiffs re-allege paragraphs 1-54 of this Complaint as though fully set forth.

56. Under the Sherman Antitrust Act, activities restricting interstate commerce and competition in the marketplace are prohibited. 15 U.S.C. § 1, *et. seq.* Defendants' actions of offering reduced airline prices before departure, subsequently overbooking flights, downgrading or cancelling Plaintiffs and Class Members' confirmed reservations, failing to provide a reimbursement, or providing reimbursements inequitable to the value of the fare difference, and failing to provide a calculation breakdown of the reimbursement impede interstate commerce.

57. Section One of the Act states that "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal." 15 U.S.C. § 1.

58. The Act "serves to promote robust competition, which in turn empowers the States and provides their citizens with opportunities and the public's welfare." *North Carolina State Bd. of Dental Examiners v. F.T.C.*, 574 U.S. 494, 502 (2015).

59. To determine whether a Plaintiffs has proper antitrust standing, the court is required to consider (1) whether the Plaintiffs suffered an antitrust injury, and (2) whether the Plaintiffs is an efficient enforcer of the antitrust laws, requiring an analysis of the directness of the Plaintiff's injury. *Scott v. Galusha*, 890 S.W.2d 945, 950 (Tex.App. Fort Worth, 1994). Both prongs have been satisfied by Defendants' behavior.

60. Trade is restrained when actions taken by a business or company unduly restricts competition or obstructs the due course of trade by unreasonably restricting or suppressing commercial competition. *Bowen v. Wohl Shoe Co.*, 389 F.Supp. 572, 580 (D.C.Tex. 1975). The combination of low pricing and overbooking enables Defendants to establish dominance in a market where other airlines struggle to compete on price.

61. Defendants have fixed and increased prices for airline tickets sold to Plaintiffs and Class Members, resulting in flight overbooking and ongoing anti-competitive impacts on the airline industry. However, this strategy leads to flight overbooking, and it neglects to provide Plaintiffs and Class Members with a genuine fare difference in the case Plaintiffs and Class Members experienced a downgrade or cancellation.

62. As a result of Defendants' anti-competitive practices, Plaintiffs and Class Members suffered financial losses and have been deprived of the benefits of competition in the marketplace.

### Fifth Cause of Action
**VIOLATION OF 15 U.S.C. § 12 – THE CLAYTON ACT**
**As Against All Defendants**

63. Plaintiffs re-allege paragraphs 1-62 of this Complaint as though fully set forth.

64. The Robinson Patman Act provides that it is unlawful conduct for any person engaged in commerce to discriminate in price between different purchasers of commodities of like grade and quality where such commodities are sold, and where the effect of such discrimination substantially lessens competition or tends to create a monopoly in any line of commerce. 15 U.S.C. § 13.

65. To prevail on a claim of violation of the Robinson Patman Act, a Plaintiffs must prove that: (1) the alleged price discrimination has occurred as to purchases within commerce, (2) discrimination in price occurred between different purchasers of products of like grade and quality, and (3) the effect of the discrimination substantially lessens competition or creates a monopoly. *Hoyt Heater Co. of Northern California v. American Appliance Mfg. Co.*, 502 F.Supp. 1383, 1386-87 (N.D. Cal. 1980).

66. In their capacity as service providers, Defendants chose to provide Plaintiffs and Class Members with flight tickets at prices lower than those offered by other airlines. However, subsequent to this, Defendants adopted a practice of overbooking flights, leading to alterations in Plaintiffs and all Class Members' flight, such as a downgrade or cancellation. Despite the resulting inconvenience, Defendants offer either no reimbursement or reimbursement inequitable to the amount paid by Plaintiffs and Class Members, with failure to provide a calculation breakdown of the reimbursement. This series of actions by Defendants gives rise to a situation where discriminatory pricing becomes apparent.

67. The discriminatory sales caused the requisite competitive injury within the meaning of the Act. In order to prove competitive injury, Plaintiffs must prove the sales have the appropriate effect under one of the following, namely where the effect of such discrimination may be: (1) substantially to lessen competition, (2) tend to create a monopoly in any line of commerce, or (3) to injure, destroy, or prevent competition with any person who either grants or knowingly receives the benefit of such discrimination, *or* with customers of either of them. 15 U.S.C. § 13, Section 2(a). Here, the first and third aspects are satisfied.

68. As a result of Defendants' discriminatory and anti-competitive practices, Plaintiffs and Class Members have suffered financial losses and have been deprived of the benefits of competition in the marketplace.

**PRAYER FOR RELIEF**

Plaintiffs prays for judgment against Defendants as follows:

1. For general damages, according to proof;

2. For special damages, according to proof;

3. For punitive damages, according to proof;

4. For costs of suit and interest as provided by law; and

5. For such other and further relief as the Court deems just and proper.

DATED: March 6, 2024                              **ABRAMSON LABOR GROUP**

By: *Nissim Levin*
Nissim Levin, Esq.